UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| ADRIEL GRAHAM ARCENEAUX, ET AL. | CIVIL ACTION NO. 06-3855 c/w 07-3830 |
|---|---|
| VERSUS | JUDGE DONALD E. WALTER |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE WILKINSON |

## MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment as to Plaintiff's Wrongful Death Claim [Rec. Doc. 46], filed on behalf of Defendant, State Farm Fire and Casualty Company. For the following reasons, Defendant's motion is **GRANTED**.

### I. FACTUAL BACKGROUND

Deceased Plaintiff, Adriel Graham Arceneaux ("Ms. Arceneaux"), owned a home and other structures located on 23 acres of land in Lacombe, Louisiana that had been in her family for three generations. On August 28, 2005, Ms. Arceneaux's home, the adjacent barn, and the pool house were significantly damaged by the winds and floods caused by Hurricane Katrina. The structures, all of which had to be demolished and rebuilt, were covered under a State Farm Fire and Casualty Insurance Company ("State Farm") homeowner's policy naming Ms. Arceneaux as the insured. The policy provided the following coverage: Coverage A, Dwelling. $317,000; Coverage A, Dwelling Extension, $57,900; and Coverage B, Personal Property, $237,750. [Rec. Doc. 66, Ex. I].

In early September 2005, Ms. Arceneaux reported the damage to State Farm and asked for the policy limits on her home. After inspecting the property on four different occasions from

October 2005 through May 2006, State Farm partially paid and partially denied Ms. Arceneaux's homeowner's claim.[1] Ms. Arceneaux's claim for the policy limits and living expenses were denied because, in State Farm's opinion, the home was inhabitable solely as a result of the flood damage, which was not covered by the State Farm policy.[2] [Rec. Doc. 66, Ex. D].

On July 21, 2006, Ms. Arceneaux sued State Farm in federal court for breach of contract, improper claims adjustment, and bad faith penalties pursuant to LA. R.S. § 22:658. [Rec. Doc. 1]. Just a few days later, on July 25, 2006, Ms. Arceneaux died of a heart attack. On September 6, 2005, an amended complaint was filed substituting Ms. Arceneaux's son, James C. Arceneaux, IV, as sole heir of the property forming the basis of the litigation and executor of Ms. Arceneaux's estate. [Rec. Doc. 4]. On July 25, 2007, James C. Arceneaux, IV, and one of Ms. Arceneaux's other sons, Louis Arceneaux, filed a separate wrongful death action against State Farm in federal court, alleging Ms. Arceneaux's death "was substantially contributed to by the extreme mental and emotional stress and strain placed upon her by State Farm due to its arbitrary and capricious claims handling practice." [No. 07-3830, Rec. Doc. 1]. The case was then consolidated with decedent's original suit [Rec. Doc. 19], and an amended complaint was filed adding Clay Arceneaux, Ms. Arceneaux's other son, to the wrongful death claim. [Rec. Doc. 21].

State Farm filed a Motion for Summary Judgment as to Plaintiffs' Wrongful Death Claim

---

[1] The amount State Farm actually paid to Ms. Arceneaux under the homeowner's policy is disputed.

[2] The State Farm policy expressly excluded flood damage from coverage [Rec. Doc. 66, Ex. I], causing Ms. Arceneaux to obtain a flood insurance policy from another insurer. State Farm filed a Motion for Summary Judgment arguing that most of the damage sustained by Ms. Arceneaux's property was a result of floods and therefore not covered by the policy. [Rec. Doc. 49]. The Court denied the motion as genuine issues of material fact remain as to whether the damage was caused by winds and rain or by flood.

asserting the claim "has no merit and is utterly without precedent in Louisiana law." [Rec. Doc. 46]. State Farm contends (1) Louisiana's wrongful death statute imposes liability only for tortious acts, not contract disputes, and (2) protecting the insured's health and safety is outside the scope of any duty owed by an insurer. James C. Arceneaux, IV, Louis Arceneaux, and Clay Arceneaux (hereinafter "Plaintiffs") oppose this motion. [Rec. Doc. 66].

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). When a defendant moves for summary judgment on the plaintiff's claim, he may satisfy the summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the plaintiff's claim. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The burden then shifts to the plaintiff, who "must set forth facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. The plaintiff may not rest upon the pleading, but must "designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). All reasonable doubts about the facts are to be resolved in favor of the plaintiff. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 456 (5th Cir. 2005).

## III. DISCUSSION

Louisiana courts recognize the "need to avoid blurring the distinction between tort claims and contract claims." *Spears v. American Legion Hosp.*, 00-865 (La.App. 3 Cir. 1/31/01), 780 So.2d 493, 497; *see also, Sun Drilling Products Corp. v. Rayburn*, 00-1884 (La.App. 4 Cir. 10/3/01), 798 So.2d 1141, 1158. The rules governing contract disputes are separate form those governing delictual actions, "and these separate legal domains should not overlap unless there is a duty on the part of a person...*separate and apart* from the obligations created by the terms of the contract." *Spears*, 780 So.2d at 497 (italics added); *see also, PPG Industries, Inc. v. Shell Oil Co.*, 727 F.Supp. 285, 288 (E.D. La. 1989) (While a defendant may incur tort liability notwithstanding a contractual relationship, there must be a duty owed to plaintiff that is "independent and separate from any duty created by contract."); *New Orleans v. United Gas Pipe Line Co.*, 517 So.2d 145, 167 (La.App. 4 Cir. 1987) (It is "beyond dispute that the existence of a contract does not confer tort immunity.").

To support their wrongful death claim against State Farm, Plaintiffs argue LA R.S. § 22:1973 (formerly cited as LA R.S. § 22:1220) imposes duties separate and apart from those owed by an insurer under the terms of the contract. LA R.S. § 22:1973 provides:

> (A) An insurer...owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.[3]
>
> (B) Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:

---

[3]Although LA R.S. § 1973(A) provides that an insurer may be liable for "any damages" sustained as a result of the insurer's breach of duty of good faith, the term "any" is overly broad and should not be interpreted in a manner that would allow a claimant to recover damages beyond those resulting from the foreseeable risks associated with the insurer's duty of good faith. *See, supra.*

Page 4

(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

\*\*\*

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure it arbitrary, capricious, or without probable cause."

LA R.S. § 22:1973(A), (B)(1), (B)(5).[4]

Although the Court agrees with Plaintiffs that LA R.S. § 22:1973 imposes an additional duty of good faith and fair dealing on insurers, this duty does not exist "separate and apart" from an insurer's contractual obligations. The duty of good faith is intimately related to State Farm's contractual obligations, as the statute essentially imposes a duty on the insurer to perform its contractual obligations in good faith. In the absence of a contractual duty, the duty of good faith simply does not exist. Thus, because the duties imposed by LA R.S. § 22:1973 do not create any duties that are "independent and separate" from the duties arising under the policy, the statute does not provide an insured with an independent tort claim against the insurer.

Furthermore, even if the Court were to assume *arguendo* that LA R.S. § 22:1973 imposes a separate legal duty upon insurers, the issue of whether Plaintiffs may assert a wrongful death claim against State Farm is not foreclosed. Under Louisiana Civil Code Article 2315.2, surviving children may bring a wrongful death action if a parent "dies due to the fault of another." When determining whether a defendant is at "fault," the Court must employ the traditional duty/risk analysis, which

---

[4]Plaintiffs contend State Farm breached its statutory duty by misrepresenting pertinent facts relating to the coverage at issue in violation of LA R.S. § 22:1973(B)(1), and arbitrarily failing to pay the amount of the claim due within 60 days after receipt of satisfactory proof of loss in violation of LA R.S. § 22:1973(B)(5). [Rec. Doc. 66, p.6]. As a result of State Farm's alleged breach, Plaintiffs allege Ms. Arceneaux suffered extreme mental stress which substantially contributed to her sudden heart attack.

Page 5

requires a plaintiff to prove four separate elements: (1) the conduct in question was a cause-in-fact of the harm which occurred (Cause-In-Fact); (2) the defendant owed a duty of care to the plaintiff (Duty); (3) the defendant breached the duty of care owed to the plaintiff (Breach); and (4) the risk of harm was within the scope of protection afforded by the duty breached (Legal Cause). *Roberts v. Benoit*, 91-0394, (La. 9/9/91) 605 So.2d 1032, 1041, on first hearing; *Paul v. LA State Employees' Group Ben. Program*, 99-0897 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 142. A negative finding with respect to any one of the four elements of the duty/risk analysis results in a determination of no liability. *Mathieu v. Imperial Toy Corp.*, 94-0952 (La. 11/30/94), 646 So.2d 318, 326.

State Farm argues Plaintiffs cannot satisfy the fourth element of the traditional duty/risk analysis because protecting an insured's health or safety is outside the scope of any contractual or statutory duty owed by the insurer. [Rec. Doc. 46, p.5]. The legal cause, or scope of protection, inquiry is a question of policy as to whether the particular risk falls within the scope of the duty.[5] *Roberts*, 605 So.2d at 1052, on rehearing. Where the circumstances of the injury to the plaintiff "could not be reasonably foreseen or anticipated, because there was no ease of association between the risk of that injury and the legal duty," the risk of that particular injury may be outside the scope of the legal duty. *Paul*, 762 So.2d at 143 (citing *Hill v. Lundin & Assoc., Inc.*, 260 La. 542, 256 So.2d 620 (1972)).

---

[5]The element of legal cause must be distinguished from cause-in-fact. To satisfy the cause-in-fact element, a plaintiff must prove only that the incident probably would not have occurred "but for" the defendant's conduct. *Roberts*, 605 So.2d at 1051, on rehearing. Once it is determined the defendant's conduct is a cause-in-fact of the plaintiff's injury, the causation inquiry is complete. *Id.* Unlike cause-in-fact, the element of legal cause has nothing to do with causation; rather, the determination of legal cause is ultimately a question of policy. *Id.* at 1052. Moreover, whereas the question of cause-in-fact involves a factual determination, the determination of legal cause is purely a question of law.

In discussing the policy determination required by courts when evaluating legal cause, the Louisiana Supreme Court has often quoted the following language from Wex Malone, *Ruminations on Cause-In-Fact*, 9 Stan.L.Rev. 60, 73 (1956):

> All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect *some* persons under *some* circumstances against *some* risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape.

*Roberts*, 605 So.2d at 1044, on first hearing; *Gresham v. Davenport*, 88-1350 (La. 1/30/89), 537 So.2d 1144, 1147 (emphasis in original). In other words, the legal cause inquiry asks whether the enunciated rule or principle of law "is intended to protect this plaintiff from this type of harm arising in this manner." William L. Crowe, Sr., *The Anatomy of a Tort–Greenian, as Interpreted by Crowe who has been Influenced by Malone–A Primer*, 44 Loy.L.Rev. 647, 650 (1999).

In *Todd v. Aetna Cas. & Sur. Co.*, 219 So.2d 538 (La.App. 3 Cir. 1969), the court explained that the scope of the duty inquiry focuses on whether the defendant's duty to the plaintiff includes protection against the consequences which *actually occurred*. 219 So.2d at 543-44 (emphasis added). There, Mr. Todd parked his automobile on the street in front of a home in which he was a guest. A vehicle driven by the defendant struck Mr. Todd's parked automobile, knocking it approximately 30 feet forward into a ditch. When Mr. Todd heard the impact, he went outside and unsuccessfully attempted to remove the car from the ditch. *Id.* at 539. Shortly thereafter, as he observed several men attempting to remove his vehicle with a chain attached to another vehicle, Mr. Todd suffered a fatal heart attack. *Id.*

Plaintiffs, Mr. Todd's widow and daughter, filed a wrongful death action against the driver of the vehicle who struck Mr. Todd's parked automobile. They presented medical experts at trial who opined that there was a "reasonable and medical probability that Mr. Todd's death was caused by the excitement, mental anguish and physical exertion following his discovery that his automobile had been damaged and knocked into the ditch." *Id.* Nevertheless, the court determined that even if the negligence of the driver was a cause-in-fact of the decedent's death, the defendant's duty did not include protection against the risk that the owner of a damaged vehicle might become so distressed that he would suffer a heart attack. *Id.* at 544.[6]

Similarly, the Court finds State Farm's duties as an insurer did not include protection against the unforeseeable consequences that occurred here. LA R.S. § 22:1973, which mandates that all insurers perform their contractual obligations in good faith, is located in the "Unfair Trade Practices" section of the Insurance Code. The purpose of the Unfair Trade Practice section is "to regulate the trade practices in the business of insurance...by defining or providing for the determination of all

---

[6]In holding that the scope of protection of defendant's duty did not extend as far as Plaintiffs' averred, the court quoted the following paragraph from 15 La.L.Rev. 391, 394:

"The consequences that follow a negligent act may continue indefinitely in one form or another. It may be that good morals would require that he who commits a wrongful act should be answerable for all the losses which flow from that act, however remote. Any attempt to impose liability on such a basis, however, would result in almost infinite liability for wrongful acts, and in the words of one court 'would set society on edge, and fill the courts with endless litigation.' As a matter of policy, therefore, liability cannot be imposed indiscriminately for all consequences that follow a wrongdoing. Thus, even in situations where it is conceded that defendant is a wrongdoer and that his wrongdoing was in fact a cause in bringing about the injury suffered by plaintiff, the court may nevertheless feel that counsel [sic] policy dictates a denial of recovery."

*Todd v. Aetna Cas. & Sur. Co.*, 219 So.2d 538, 540 n.3 (La.App. 3 Cir. 1969).

Page 8

acts, methods, and practices which constitute unfair methods of competition and unfair or deceptive acts and practices in this state, and to prohibit the same." LA R.S. 22:1961. Thus, the purpose of State Farm's statutory duty of good faith and fair dealing was to protect Ms. Arceneaux and her property from the economic consequences of the improper handling of her insurance claims, not to protect her emotional or physical well-being. The risk that an insured might become so mentally stressed that she suffers a heart attack is simply not within the scope of an insurer's duty to handle claims in good faith. Such a risk cannot reasonably be foreseen or anticipated, nor can the risk of such injury and the legal duty be easily associated. *See Paul*, 762 So.2d at 143.

Accordingly, because the risk that an insurer would suffer extreme mental anguish causing a heart attack is not encompassed within an insurer's statutory duty of good faith and fair dealing, and thus State Farm's actions were not the legal cause of Ms. Arceneaux's death, State Farm is entitled to summary judgment on Plaintiffs' wrongful death claim.

## IV. CONCLUSION

The Court finds that while LA. R.S. § 22:1973 imposes a duty of good faith and fair dealing upon insurers, this duty does not exist "separate and apart" from an insurer's contractual obligations and therefore does not give rise to an independent tort claim. Furthermore, even if the statute created an independent duty for insurers, the risk that an insured would suffer extreme mental anguish causing her to suffer a heart attack is not included within the scope of protection afforded by the duty of good faith and fair dealing.

Therefore, **IT IS ORDERED** that State Farm's Motion for Summary Judgment as to Plaintiff's Wrongful Death Claim [Rec. Doc. 46] be and is hereby **GRANTED**, and Plaintiffs'

wrongful death claims are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 7th day of April, 2009.

                                              */s/ Donald E. Walter*
                                              DONALD E. WALTER
                                              UNITED STATES DISTRICT JUDGE