UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| ADRIEL GRAHAM ARCENEAUX, ET AL. | CIVIL ACTION NO. 06-3855 c/w 07-3830 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE FARM FIRE & CASUALTY CO. | MAGISTRATE JUDGE WILKINSON |

## MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment as to Plaintiffs' Mental Anguish Claims [Rec. Doc. 150], filed on behalf of Defendant, State Farm Fire and Casualty Company. For the following reasons, Defendant's motion is **DENIED**.

**I.    FACTUAL BACKGROUND**

On April 7, 2009, this Court issued a Memorandum Ruling granting Defendant's Motion for Partial Summary Judgment as to Plaintiff's Wrongful Death Claim. [Rec. Doc. 119]. The factual circumstances surrounding this case were set forth in the Memorandum Ruling and need not be restated here.

Defendant State Farm Fire and Casualty Company ("State Farm") filed a separate Motion for Summary Judgment on April 21, 2009, asserting Plaintiffs' claims for mental anguish damages under LA R.S. § 22:1973 should be dismissed because (1) Plaintiffs failed to state a valid claim for mental anguish damages pursuant to Louisiana Revised Statute 22:1973, and (2) Plaintiffs have not produced any admissible or sufficient evidence to support their claim. [Rec. Doc. 150]. Plaintiffs oppose this motion.

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). The party moving for summary judgment bears the burden of informing the court "of the basis for its motion, and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325; *Lawrence*, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 250; 106 S.Ct. at 2511. The nonmovant "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). After reviewing the motions and supporting evidence, the court may grant summary judgment only if it is "satisfied that no reasonable trier of fact could find for the nonmoving party." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

## III. DISCUSSION

### A. Plaintiff's Have a Valid Claim for Mental Anguish Damages

Louisiana law concerning suits relating to deceased persons involve two different codal

schemes. The issue of whether Plaintiffs may validly enforce a claim for mental anguish damages pursuant to La. R.S. § 22:1973[1] depends on whether the claim is controlled by the statute governing survival actions, La. C.C. art. 2315.1,[2] or by the statutes governing general abatement of actions, La. C.C.P. arts. 426-28,[3] and substitution of parties, La. C.C.P. art. 801 *et seq.*[4]

---

[1] It is now beyond dispute that LA R.S. § 22:1973 permits recovery for mental anguish damages, provided these damages are proven. *See Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 304 (5th Cir. 2009) ("By authorizing 'any damages,' including 'any general or special damages,' the legislature pointedly permitted the award of mental anguish damages.").

[2] La. C.C. art. 2315.1 provides, in pertinent part:

(A) If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

    (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

    (2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

    (3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

    (4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

(B) In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

[3] La. C.C.P. arts. 426–428 provides, in pertinent part:

Art. 426. Transmission of an action and of right to enforce obligation

An action to enforce an obligation is the property of the obligee which on death is transmitted with his estate to his heirs, universal legatees, or legatees under a universal title, except as otherwise provided by law. An action to enforce an obligation is transmitted to the obligee's legatee under a particular title only when it relates to the property disposed of under the particular title.

These rules apply also to a right to enforce an obligation, when no action thereon was

In *Hellpenstell v. Bonnabel Hosp.*, 523 So.2d 887 (La.App. 4 Cir. 1988), the Louisiana Court of Appeals for the Fourth Circuit explained the interplay between these two codal schemes:

> Only where the victim has instituted a proceeding against the tortfeasor prior to his death is the right to continue that action upon his death governed by the abatement articles, C.C.P. Art. 426-428 and the substitution article, C.C.P. Arts. 801 et seq. When no such action has been instituted prior to the victim's death, the right to institute such an action after the victim dies is limited to those persons enumerated in Article 2315 as it existed at the time of [decedent's] death.

*Id.* at 890.

Because the instant lawsuit was originally filed prior to Ms. Arceneaux's death, Plaintiffs' claims for mental anguish damages pursuant to La. R.S. § 22:1973 are controlled by the general abatement articles and the substitution of parties articles. *See Dufrene v. Avondale Industries, Inc.*, 795 So.2d 456, 2001-1474 (La.App. 4 Cir. 8/22/01). Thus, the article 2315.1 beneficiaries—i.e. Ms.

---

commenced prior to the obligee's death.

\*\*\*

Art. 428. No abatement on death of party
An action does not abate on the death of a party. The only exception to this rule is an action to enforce a right or obligation which is strictly personal.

[4]La. C.C.P. art. 801 provides:

Art. 801. Voluntary substitution for deceased party; legal successor
When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality.

As used in Articles 801 through 804, "legal successor" means:
(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Arceneaux's surviving sons, James C. Arceneaux, IV, Louis Graham Arceneaux, and Clay Arceneaux—have the right to be substituted as Plaintiffs and recover any mental anguish damages to which Ms. Arceneaux would have been entitled under La. R.S. § 22:1973.

**B.     Plaintiffs Have Sufficient Evidence to Support a Claim for Mental Anguish**

State Farm urges this Court to dismiss Plaintiffs claim for mental anguish damages on the basis that Plaintiffs' claim is not supported by admissible evidence. They argue Plaintiffs' testimony is classic hearsay because they are offering Ms. Arceneaux's out-of-court statements to prove the truth of the matter asserted, i.e., that Ms. Arceneaux was "frustrated," "upset," "disappointed," and "disillusioned." [Rec. Doc. 150]. However, the Court finds that Plaintiffs' testimony is not based solely on the out-of-court statements by Ms. Arceneaux, but also upon their own observations of Ms. Arceneaux's behavior. For example, Louis Arceneaux testified he saw her sitting in her office "looking expressionless"[L. Arceneaux depo. p. 19]; Donna Arceneaux observed Ms. Arceneaux crying on the phone [D. Arceneaux depo. p. 23-24]; and Clay Arceneaux testified that he heard Ms. Arceneaux crying on a daily basis [C. Arceneaux depo. p. 13-14, 27]. The testimony of Ms. Arceneaux's relatives concerning their own observations and perceptions of Ms. Arceneaux is competent evidence and may support Plaintiffs' claim for mental anguish damages.[5] Further, statements by Ms. Arceneaux that she was "upset," "frustrated," "disappointed," and "disillusioned" are statements of a declarant's then-existing state of mind[6] and are therefore admissible hearsay

---

[5] State Farm's remaining objections as to the admissibility of the Arceneaux relatives' testimony and the testimony of Dr. St. Martin will be addressed in connection with the Motions *in Limine* filed by State Farm. [Rec. Docs. 127-128].

[6] Fed. R. Evid. 803(3) excludes "statement[s] of the declarant's then existing state of mind, emotion, sensation, or physical condition" from the hearsay rule.

pursuant to Rule 803(3) of the Federal Rules of Evidence.

State Farm maintains that, even if the testimony of the Arceneaux relatives is admissible, summary judgment should be granted because the evidence is legally insufficient to satisfy Plaintiffs' burden of proving Ms. Arceneaux suffered a real mental injury. Plaintiffs acknowledge that in order to recover for mental anguish there "must be a real mental injury that one can reasonably expect a person in such a person to suffer." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 305 (quoting *Kim v. Kim*, 970 So.2d 1158, 1165 (La.App. 5 Cir. 2007). But the law "does not require proof that medical or psychiatric care was required as a result of the incident," nor does it require expert testimony. *Id.* (citing *Lacombe v. Carter*, 975 So.2d 687, 690 (La.App. 3d Cir. 2008; *Laurents v. La. Mobile Homes*, 689 So.2d 536, 543 (La.App. 3d Cir. 1997)).

In *Dickerson*, the Fifth Circuit found the testimony of the plaintiff's daughter that she watched "her father's mental state deteriorate and his becoming short-tempered and anti-social" was "more than bare or conclusional" and could sufficiently support a claim for mental anguish. *Id.* at 306. Similarly, in this matter, Plaintiffs seek to offer testimony of numerous witnesses who can attest that they observed Ms. Arceneaux's mental state deteriorating. [Rec. Doc. 155]. Accordingly, the Court cannot say as a matter of law that Plaintiffs' evidence is legally insufficient to satisfy Plaintiff's burden of proving mental anguish. Rather, in a case such as this, it is up to the trier of fact to determine whether the evidence is sufficient to prove that the insured suffered compensable mental anguish. *Dickerson*, 556 F.3d at 304-06 (the fact finder is in the best position to evaluate the credibility of Plaintiffs' witnesses and determine whether the weight of the evidence tips in favor of the insured).

In addition, State Farm contends Plaintiffs' evidence is legally insufficient to establish Ms.

Arceneaux's mental anguish was the result of State Farm's conduct rather than the devastation of Hurricane Katrina and the damage to her property. *See Clair v. Paris Road Drugs, Inc.*, 573 So.2d 1219, 1226 (La.App. 4th Cir. 1991). However, "[c]ausation is an issue of fact that is generally decided at the trial on the merits." *Estate of Adams v. Home Health Care of Louisiana*, 775 So.2d 1064, 1065 (La. 2000). It is for the trier of fact, after weighing and evaluating all the evidence, to either accept or reject the connection between the conduct of the defendant and the harm suffered by the decedent. *See Clair*, 573 So.2d at 1226.

Accordingly, because Plaintiffs have competent, admissible evidence to support their claim for mental anguish damages pursuant to LA R.S. § 22:1973 and there remain genuine issues of material fact as to whether Ms. Arceneaux suffered a "real mental injury" as a result of State Farm's conduct, State Farm is not entitled to summary judgment.

## IV. CONCLUSION

The Court finds that James C. Arceneaux, IV, Louis Graham Arceneaux, and Clay Arceneaux have the right to be substituted as Plaintiffs and recover damages for the mental anguish suffered by Ms. Arceneaux as a result of State Farm's handling of her claim, provided such damages are proven at trial. Therefore, **IT IS ORDERED** that State Farm's Motion for Summary Judgment as to Plaintiffs' Mental Anguish Claims [Rec. Doc. 150] be and is hereby **DENIED**.

**THUS DONE AND SIGNED** this _____ day of May, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE